I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 5-15-13

DEPUTY CLERK



FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

MAY 15 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

ISRAEL MALDONADO JAIMES,
     Petitioner,

vs.

DOMINGO URIBE, JR., Warden,
     Respondent.

Case No. EDCV 13-0449-CBM (RNB)

ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION

  Petitioner, a California state prisoner currently incarcerated at Chuckawalla State Prison, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 herein on March 11, 2013. The sole claim alleged in the Petition is "newly discovered evidence of innocence." As best the Court can glean from petitioner's accompanying statement of supporting facts, petitioner is claiming that his second degree murder conviction and specifically the finding that petitioner acted with either express or implied malice was obtained through the use of false evidence, and specifically the false testimony of a prosecution witness that two weeks prior to the killing, petitioner had threatened to kill the victim. In support of this claim, petitioner has attached to the Petition what purports to be a declaration from this prosecution witness (who indicates she was the victim's wife and also petitioner's biological sister) recanting her trial testimony about the threat.

It appears from the face of the Petition that it is directed to the same 2003 Riverside County Superior Court judgment of conviction as the prior habeas petition filed by petitioner in this Court on October 14, 2004 in Case No. EDCV 04-1299-CBM (RNB) [hereinafter the "Prior Action"]. On February 15, 2006, Judgment was entered in the Prior Action denying the Petition and dismissing the action with prejudice. Petitioner filed a timely Notice of Appeal from that Judgment. However, his requests for a certificate of appealability were denied in turn by this Court and the Ninth Circuit.

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the Act"), which became effective April 24, 1996. Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> *(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.*
>
> *(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--*
>
> > *(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or*
> >
> > *(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and*
> >
> > *(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant*

> *guilty of the underlying offense.*
>
> *(3)  (A)  Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.*

The Petition now pending constitutes a second and/or successive petition challenging the same judgment of conviction as the Prior Action, within the meaning of 28 U.S.C. § 2244(b). Although petitioner challenged the sufficiency of the evidence to support the malice finding in the Prior Action, he did not claim that any of the prosecution evidence was false. It therefore was incumbent on him under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the claim(s) he now is alleging, prior to his filing of the instant Petition in the District Court. Such permission will be granted only if "the application makes a prima facie showing that the application satisfies the requirements of [Section 2244(b)]." See id. Only after the Circuit has made the initial determination that the petitioner has made a prima facie showing under § 2244(b)(2) does the district court have any authority to consider whether the petitioner has, in fact, met the statutory requirements of § 2244(b). See 28 U.S.C. § 2244(b)(4). Under § 2244(b)(4), the petitioner must make "more than another prima facie showing" in the district court; the "district court must conduct a thorough review of all allegations and evidence presented by the prisoner to determine whether the [petition] meets the statutory requirements for the filing of a second or successive petition." See United States v. Villa-Gonzalez, 208 F.3d 1160, 1164-65 (9th Cir. 2000).

While it does not appear to the Court that petitioner can make the requisite prima facie showing here with respect to his "actual innocence" claim, that is a determination for the Ninth Circuit to make in the first instance. Petitioner's failure to secure an order from the Ninth Circuit authorizing the District Court to consider

any new claims being alleged in the Petition now pending, prior to his filing of the Petition in the District Court, deprives the Court of subject matter jurisdiction. See <u>Cooper</u>, 274 F.3d at 1274.

    IT THEREFORE IS ORDERED that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

    LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:   May 14, 2013

*[signature]*

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE

Presented by:

*[signature]*

Robert N. Block
United States Magistrate Judge